Joseph A. Cox, S.
This proceeding was instituted, by order to show cause, to compel the turnover of funds allegedly belonging to the estate of the decedent and held by respondent. The decedent died on July 16, 1943, in Poland. Petitioner obtained letters of temporary administration in 1956.
The funds here sought were allegedly deposited in Warsaw, Poland, by the decedent with the Hebrew Immigrant Aid Society (hias) and the American Joint Distribution Committee (joint) in the early forties, under a plan which enabled the two institutions to use the funds in Poland during the war, with eventual reimbursement to be made upon the cessation of hostilities.
The post-war claims of the survivors of the family against the two organizations were presented to and settled by both organizations in New York by the payment of $10,300 by joint-in 1948, and of $2,500 by hias in 1955.
The joint funds, by agreement among the family, including the petitioner, were placed in the hands of respondent and petitioner and subsequently in the hands of respondent alone, as stakeholder for the family. The respondent asserts no claim to any portion thereof. Similarly, seven years later, the tttas *20 funds were placed in the hands of respondent, as stakeholder, and he claims no part thereof.
No representative of joint was produced to give testimony, if any were available, as to the origin of the funds in Poland or the identity of the depositor. Various members were permitted to testify to their individual contributions to the funds originally deposited with joint in Warsaw.
In the case of the hias fund, the chief accountant of the organization in New York testified that no communication had ever been received from Warsaw concerning the alleged deposit and the identity of the depositor; that the rocords, if any, had been confiscated or destroyed during the war, and that the settlement of $2,500 was made upon the basis of evidence produced by the claimants (members of the family in New York).
The only documentary evidence introduced concerning the payment of funds to hias in Warsaw consists of two signed receipts (signatures illegible), dated September 11, 1938, and June 25, 1939, for 10,000 zlotys and 28,500 zlotys respectively, received from decedent as a loan. The signatures to these receipts were certified in 1947 by the Central Committee of the Jews in Poland as being those of “ Jeas ” officials in Warsaw in 1940. The discrepancy in the dates of these receipts is explained by the necessity of providing against the contingency of discovery by the enemy of possible illegal transactions during the war, when the funds were allegedly deposited, by pre-dating them to a time before the outbreak of the war.
In the light of this documentary proof of deposit by the decedent, and despite the strong contentions of the other members of the family that it was a family deposit, the court holds that the sum of $2,500 received from hias, is property of decedent’s estate.
In the absence of any proof whatsoever of deposit by decedent of the joint fund, and in the light of evidence by members of the family that this fund was made up of contributions by several members of the family desirous of “ transmitting ” funds to the United States, the court holds that the $10,300 received from joint is not property of decedent’s estate.
It is to be noted that from 1948 to 1956, no claim to this fund on behalf of the decedent was made by petitioner, or, for that matter, by any other party to the family transactions. It is significant, also, that in a complaint verified April 19, 1956, in suit pending in the Supreme Court, Queens County, against the respondent, petitioner, in his individual capacity as plaintiff, asserted a gift of the two funds from his father, the decedent, to himself.
*21 It is significant, further, that petitioner admittedly received from the respondent, during 1948 and 1950, a total of $7,500 from the joint funds held by the latter as stakeholder. Petitioner admits having returned a total of $3,500 up to 1952. He claims, however, that these payments to him were made in connection with personal business and financial transactions with respondent, although he was fully aware that the source of the payments to him was the joint funds. The court is unwilling to credit petitioner’s testimony in respect of these transactions, and holds that he is in possession of $4,000 of the amount claimed by him as decedent’s property.
Since petitioner has received $1,500 in excess of the $2,500 found by the court to be due the decedent’s estate, it follows that no funds of the decedent are in the hands of the respondent, and the petition is accordingly dismissed.
Submit decree on notice.